UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JOHN TORSTEN LOOP,

Plaintiff,

v.

STATE OF WASHINGTON

JAMS

Hon. HELEN L. HALPERT (Ret.)

Defendants.

Case No. 2:24-cv-00669-BAT

COMPLAINT AND REQUEST FOR INJUNCTION

TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .... **2**
Federal Cases .... 2
Supreme Court of Washington & Court of Appeals .... 2
Washington State Statutes .... 2
**TABLE OF EXHIBITS** .... **2**
**I. THE PARTIES TO THIS COMPLAINT** .... **3**
A. Plaintiff(s) .... 3
B. Defendant(s) .... 3
**II. BASIS FOR JURISDICTION** .... **4**
**III. STATEMENT OF CLAIM** .... **4**
Safeguarding Citizenship Rights: .... 12
**IV. RELIEF** .... **13**
**V. PRAYER FOR RELIEF** .... **13**
**IV. CERTIFICATION AND CLOSING** .... **14**

## TABLE OF AUTHORITIES

### Federal Cases

1. Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972): Due process in government decisions affecting reputation. (p. 11)
2. Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985): Entitlement to pre-deprivation process. (p. 9)
3. Craig v. Boren, 429 U.S. 190 (1976): Examines gender-based classifications and equal protection. (p. 11)
4. Goldberg v. Kelly, 397 U.S. 254 (1970): Concerns due process in administrative proceedings. (pp. 10, 11)
5. Mathews v. Eldridge, 424 U.S. 319 (1976): Balance between government interest and individual's right to notice. (pp. 10, 12)
6. Paul v. Davis, 424 U.S. 693 (1976): Publication damaged reputation without due process. (p. 10)
7. Reed v. Reed, 404 U.S. 71 (1971): Examines gender-based classifications and equal protection. (p. 11)
8. Saenz v. Roe, 526 U.S. 489 (1999): Right to a fair trial. (p. 12)
9. Zadvydas v. Davis, 533 U.S. 678 (2001): Right to be treated equally. (p. 12)

**Supreme Court of Washington & Court of Appeals**

1. Desean v. Sanger (2023): The Legislature's intent to provide a robust civil remedy is law revisions are post-order. (pp. 18)
2. Deborah Smith, Appellant, v. William H. Bartlett, Respondent, No. 17039-0-III, May 11, 1999, Court of Appeals of Washington, Division III. The mandatory dispute resolution provisions of the domestic relations statute require de novo review (p. 5)

**Washington State Statutes**

1. RCW § 7.105.200: Rules of evidence in restraining order proceedings. (p. 7)
2. RCW § 7.105.200(8): Federal Rules of Evidence need not be applied. (p. 7)
3. RCW § 2.24.050: Revision of court commissioner's orders. (p. 12)
4. RCW § 2.24.040-060: Commissioners to have judicial powers similar to a judge. (p. 12)
5. RCW § 2.24.040(3): Commissioners can issue temporary restraining orders. (p. 12)
6. RCW § 26.14: Uniform Family Law Arbitration Act. (pp. 6, 13, 18)
7. RCW § 26.14.902: Transitional provision (pp. 14, 18)
8. RCW § 26.09 Parenting Act of 1987 (pp. 6, 14)
9. RCW § 26.26A "Uniform Parentage Act" addresses the establishment of parentage for children, including provisions related to child custody and visitation (p. 14)
10. RCW § 26.26B provisions related to the Parentage Act, including judicial proceedings for parenting and support of a child (p. 15)
11. RCW § 26.50: Domestic Violence Prevention Act. (p. 21)

**United States Constitution**

1. Amendment V: Prohibition of taking life, liberty, or property without due process. (pp. 6, 8, 9)

**TABLE OF EXHIBITS**

Exhibit A — Restraining Order Issued February 23, 2024 by Superior Court (p. 4)
Exhibit B — JAMS agreement (p. 4)
Exhibit C — February 23, 2024 Superior Court Hearing Transcript (p. 5)
Exhibit D — Superior Court Motion Not Granted (p 5)
Exhibit E — JAMS Partial Narrative Award June 7, 2023 (p. 6)
Exhibit F — JAMS Comprehensive Rules & Procedures (p. 5)
Exhibit G — JAMS email (p. 6)
Exhibit H — Appellant Brief (p. 10)

## I. THE PARTIES TO THIS COMPLAINT

A. Plaintiff(s).

John Torsten Loop
734 10th Ave E
Seattle, King County
Washington, 98102
206-790-5225

B. Defendant(s)

Defendant No. 1

Bob Ferguson, Attorney General of Washington State
Office of the Attorney General
1125 Washington Street SE, PO Box 40100
Olympia, Thurston County
Washington, 98504-0100
(360) 753-6200

Defendant No. 2

JAMS Mediation, Arbitration and ADR Services
1420 Fifth Ave. Suite 1650
Seattle, King County
Washington, 98101
206-622-5267

Defendant No. 3

Hon. Helen Halpert Ret.
JAMS Arbitrator
c/o JAMS, 1420 Fifth Ave. Suite 1650
Seattle, King County
Washington, 98101
206-622-5267

## II. BASIS FOR JURISDICTION

This civil action seeks redress for civil rights violations under the Civil Rights Act of 1964 and the Fifth and Fourteenth Amendments due to an unauthorized restraining order against Plaintiff and his minor child by Defendants, which violated due process and equal protection. Jurisdiction is under 28 U.S.C. § 1331, with the venue proper in the Western District of Washington. Defendants 2 and 3, an ADR service provider and private arbitrator, purpose.y and repeatedly exceeded their authority, awarding a Protection Order beyond agreed terms, violating contractual boundaries and due process, infringing upon Plaintiff's rights to due process and equal protection under the law and as a result does not qualify for quasi-judicial immunity.

## III. STATEMENT OF CLAIM

John Loop, a self-represented father from Seattle, Washington, asserts significant civil rights violations related to a Restraining Order —Exhibit A — issued against him, including his minor child. The order, issued sua sponte by JAMS and its arbitrator, Retired Judge Honorable Helen Halpert, lacked legal authority under the guise of an arbitration award, beyond the statutory limit violating Washington State Law and due process under both state and federal laws, awarded in Superior Court via a motion to compel by opposing counsel without providing Mr. Loop de novo review as required despite motion to reconsider with JAMS per its rules. Mr. Loop complains that the Superior Court reading an arbitration Award narrative does not constitute de novo review. The Superior Court did not consider the matter anew, as if it had not been heard before and as if no decision had previously been made when the Restraining Order was issued without detailed stipulation —Exhibit B—, petition, notice, or service. This oversight

infringed on Mr. Loop's defense rights and violated his Fifth and Fourteenth Amendment rights. Furthermore, this award was not sought by the opposing party at the onset of arbitration. Judge Helen Halpert, Ret., unilaterally decided to award the Restraining Order when none was sought, possibly emotionally abusing his child.

The dilemma Mr. Loop faces is severe: If Mr. Loop's daughter contacts him, he risks arrest. If Mr. Loop initiates contact with her, he also risks arrest. Conversely, if Mr. Loop avoids reaching out, his daughter may feel abandoned and likely experience extreme emotional damage for a young woman as she approaches adulthood and plans to leave for college, using the funds Mr. Loop painstakingly saved for her. This potential emotional abuse is well documented in our National Library of Medicine, which contains many peer-reviewed articles that were referenced by Mr. Loop in the arbitration hearing and after.

Mr. Loop is appealing to the US District Court to review the Washington State decision that affirmed an arbitration award issued without a proper de novo hearing. This prevented him from reviewing evidence and mounting a defense when the Superior Court issued a Restraining Order over Mr. Loop's objections on February 23, 2024 — Exhibit C - Hearing Transcript. The court also failed to correct its error when it rejected Mr. Loop's motion to terminate on May 14, 2024 —Exhibit D - Motion Not Granted —, during which Mr. Loop reiterated that he had not been given an opportunity to be heard, to review evidence, or to mount a defense. In the Parentage of Austin SMITH-BARTLETT, A Minor, 976 P.2d 173 (Wash. Ct. App. 1999). Deborah Smith, Appellant, v. William H. Bartlett, Respondent, No. 17039-0-III, May 11, 1999, Court of Appeals of Washington, Division III. found that the superior court denied de novo review of the arbitration decision. The mandatory dispute resolution provisions of the domestic relations statute require de novo review, as stipulated by RCW 26.09.184(3)(e). The Superior

Court failed to conduct this required de novo review when it issued the Restraining Order on February 23, 2024, and when it denied the modification or termination of the order on May 14, 2024. Similarly, JAMS and Helen Halpert failed to remand the case back to the Superior Court despite Mr. Loop's repeated requests for a hearing. As a result, no de novo review has ever occurred in the Superior Court, and Mr. Loop has never been given a fair opportunity to present a defense or be heard, as required by law and affirmed by the Court of Appeals.

RCW 26.09.184(3)(e) specifically requires that parenting plans include a dispute resolution process agreed upon by both parents, outside the court system, unless such a process is limited or precluded by state or federal laws. This provision is relevant to John Loop's civil rights violations allegations in his federal complaint against the State of Washington, JAMS Mediation, Arbitration and ADR Services, and Hon. Helen Halpert Ret. The complaint suggests that the restraining order issued against him and his minor child by JAMS and Hon. Helen Halpert Ret., under the guise of an arbitration award, violated this requirement. The order was issued without a formal stipulation, petition, notice, or service, and without an agreed-upon dispute resolution process, infringing upon Mr. Loop's due process rights under both state and federal laws, specifically the Fifth and Fourteenth Amendments. This action by the defendants appears to contravene the spirit of RCW 26.09.184(3)(e), which aims to ensure that any dispute resolution involving parenting plans is consensual and respects the legal rights of all parties involved. Hon. Helen Halpert Ret. knew and knows no such consensuality exists. Yet, she awarded the Restraining Order anyway, and the award via a motion to compel an arbitration award underscores the Superior Court's failed duty for a de novo review.

On June 7, 2023, following a two-week hearing the month before, in a partial narrative award —Exhibit E — , JAMS unexpectedly awarded a restraining order that barred any

communication with his minor child which extends past the one-year statutory limit. Though such an award was not stipulated, per JAMS Comprehensive Arbitration Rules & Procedures — Exhibit F — specifically, Rule 24 (Awards):

> "In the absence of an agreement, the arbitrator should apply the rules of law and equity deemed most appropriate."

The arbitrator's rationale for the award is in question, and Mr. Loop immediately objected when learning of the Protection Order award to the JAMS arbitrator. The JAMS Rule must apply to all laws, and Hon. Helen Halpert Ret. failed to consider the consensual nature of alternative dispute resolution services outlined in RCW 26.09.184(3)(e) but did not, instead focusing on a Restraining Order the parties did not consent to considering, grossly exceeding the powers given to her in their stipulation agreement.

After the award and before issuance via a motion to compel by opposing counsel on January 8th, 2024, the new Washington State Unfirm Arbitration Act became effective. The Uniform Family Law Arbitration Act, RCW 26.14, effective January 1, 2024, updates Washington's laws and specifically prohibits private arbitrators from awarding Restraining Orders. This law closes a loophole previously exploited by family law attorneys to secure sole custody outcomes without appealable due process, aligning with legislative intentions to curtail arbitral powers in sensitive family matters and prevent non-judicial overreach. Although the act's transitional provision, RCW 26.14.902, states it does not apply retroactively to agreements made before January 1, 2024, without an agreement. However, the Supreme Court of Washington in DESEAN v. SANGER (2023) emphasized that the legislature's intent regarding restraining orders is paramount, even if relevant law is clarified post-award. This decision supports the legislative intent behind the UFLAA, confirming that private arbitrators do not have the authority to restrict parental access, thereby addressing a previously commonly exploited loophole in

private arbitration the legislature meant to correct. Even if the parties consented to allow for a Restraining Order, the intent of the Legislature clearly does not allow Hon. Helen Halpert to have this authority.

Mr. Loop consistently highlighted the new law and supporting case law, as well as the lack of procedural due process, citing the relevant law that had recently taken effect. Nevertheless, Hon. Helen Halpert, Ret., determined that JAMS retained authority despite this not being explicitly stated in the open-ended JAMS arbitration agreement until after the Restraining Order was issued. Then, she claimed no authority to correct her error. She declined any reconsideration in an email dated January 2024 and again May 14, 2024 — Exhibit G — , referring to her awarded authority by the Superior Court and Mr. Loop’s pending appeal in Washington State Court of Appeal. This decision overlooked the clear guidelines of the Uniform Family Law Arbitration Act (UFLAA), which were also ignored when the Superior Court issued the restraining order without remanding it back for a proper hearing.

This excessive and unauthorized order, which was not stipulated as a possible outcome in the arbitration, exceeded the legal limits set by Washington State and violated procedural due process, contravening both state law and Mr. Loop's constitutional rights. Such violations necessitate federal intervention. This case underscores the critical need for equitable application of Washington State law and constitutional rights for all individuals, regardless of age, gender, or parental status. It also addresses how protective restraining orders issued without procedural due process have led to repeated breaches of civil rights for Mr. Loop and his minor daughter in Washington State.

Protection orders in Washington State are governed by specialized procedures under RCW 7.105.200, which explicitly allow for the bypassing of standard federal rules of evidence, as outlined in RCW 7.105.200(8):

> "The rules of evidence need not be applied, except for privileges, the requirements of the rape shield statute under RCW 9A.44.020, and evidence rules 412 and 413."

In the process of issuing protection orders, it is important to recognize that the state frequently relies on hearsay evidence and significantly limits essential procedural rights. This includes the lack of opening and closing arguments, the inability to question the accuser and witnesses, restricted opportunities for cross-examining presented evidence, and the absence of a judicial hearing on the complaint.

The absence of procedural due process significantly impacts Mr. Loop's personal and professional life. Once a restraining order is issued in Washington State it carries the implications of a criminal restraining order conviction across the United States, impacting areas where Mr. Loop seeks employment, including Canada where he is now subject to border inspection on entry and exit. This extends to service providers like Airbnb, which will no longer allow Mr. Loop to use its service due to the order.

In today's environment, where rigorous online Software as a Service (SaaS) background checks are routinely required for employment in various sectors—including private and publicly held corporations, as well as venture capital and private equity firms—the restraining order from Washington State significantly affects Mr. Loop's career and his ability to meet his commitment to his spousal maintenance as it impacts his current job search. Particularly detrimental is its impact on his role as an international aviation technology consultant, where access to secure airport areas, both domestically and internationally, necessitates clear background checks.

The JAMS arbitrator exceeded their authority by issuing a restraining order extending five months past the child's 18th birthday in 2025, well beyond the statutory one-year limit for such orders involving minor children, as stipulated by Wash. Rev. Code § 7.105.315(2)(a). This

action occurred without adequate evidence or rationale, directly violating chapters 26.09, 26.26A, or 26.26B RCW, which outline the state's legal framework for child welfare.

The Superior Court affirmed the award despite the lack of a formal petition for a restraining order, notice of service, or an opportunity for Mr. Loop to review and contest the evidence, marking a significant violation of due process. Additionally, the Superior Court failed to correct its error via a motion to terminate on May 14, 2024 — Exhibit H —, forcing Mr. Loop to appeal the decisions — Exhibit I —, a potentially years-long process whereby the minor child may age out. The arbitrator, retired Judge Helen Halpert, issued the order without prior request or demonstrated need from the respondent or their minor child in any previous hearings or court action stemming from the divorce proceedings Mr. Loop initiated on January 13, 2021, relying solely on hearsay evidence presented by the mother and the perceived wishes of the child. This oversight underscores the necessity to examine due process protections highlighted in case law, such as:

Mathews v. Eldridge, 424 U.S. 319 (1976), underscores the necessity of balancing the government's interests with the individual's rights to notice and an opportunity to be heard before depriving them of specific interests.

Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), reaffirms that individuals are entitled to some form of pre-deprivation process before losing significant interests, such as employment or reputation.

Paul v. Davis, 424 U.S. 693 (1976), distinguishes between a liberty interest in reputation alone and a more tangible interest. It emphasizes the crucial role of reputation in certain contexts and potentially supports arguments regarding the stigmatizing impact of being labeled as a child DV perpetrator without due process.

In light of these precedents, Mr. Loop argues that the State's actions against him — labeling him, issuing and enforcing a restraining order, conducting arraignments, and withholding his child without procedural safeguards — violate his procedural due process rights under the Fourteenth Amendment. The case law cited supports the contention that due process is critical when government actions have the potential to inflict significant harm on an individual's liberty or reputation.

The Fourteenth Amendment Due Process Clause guarantees against arbitrary government action and mandates fairness in legal proceedings. The Fourteenth Amendment Equal Protection Clause ensures individuals are treated equally under the law, particularly highlighting the importance of scrutinizing differential treatment based on arbitrary classifications. In Goldberg v. Kelly, 397 U.S. 254 (1970), the Court emphasizes the necessity of hearing before deprivation of benefits, analogous to Mr. Loop's deprivation without a fair process. In Craig v. Boren, 429 U.S. 190 (1976) and Reed v. Reed, 404 U.S. 71 (1971), the Court asserted the critical examination of gender-based differential treatment under the equal protection clause, which can be analogously applied to scrutinize the procedural inconsistencies faced by Mr. Loop.

Additionally, Mr. Loop points to the essential right to procedural due process when state actions negatively impact an individual's liberty or reputation. The Supreme Court's ruling in Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972), establishes the necessity for due process in governmental decisions that influence a person's reputation, employment, or entitlement to a hearing. This principle is further supported by Reed v. Reed, 404 U.S. 71 (1971), which emphasizes the importance of the Equal Protection Clause, especially in ensuring equal treatment under state laws.

Mr. Loop experienced significant procedural and judicial minimization at the hands of the JAMS ADR, the arbitrator, and the Superior Court. He was subject to arraignment on two separate occasions pursuant to a criminal restraining order issued by the State of Washington post, the February 23, 2024 order.

Mr. Loop's situation highlights a concerning neglect of procedural justice and child welfare, indicating a pattern of selective enforcement that has negatively impacted his legal standing, reputation, and, most critically, his child's well-being. Goldberg v. Kelly, 397 U.S. 254 (1970), underscores the necessity of due process rights in administrative actions affecting individuals. Furthermore, Mathews v. Eldridge, 424 U.S. 319 (1976) offers a framework for evaluating procedural due process requirements, stressing the importance of balancing government interests with individual rights.

**Safeguarding Citizenship Rights:**

The actions of Washington State against Mr. Loop infringe upon his citizenship rights, 28 U.S.C. § 1332, including the right to be treated equally before the law and the right to a fair trial. Zadvydas v. Davis, 533 U.S. 678 (2001), and Saenz v. Roe, 526 U.S. 489 (1999) both emphasize that citizenship provides protections against unjust state actions, which directly applies to Mr. Loop’s case and his treatment by state authorities.

Due to the arbitration service provider and the private arbitrator, who is sworn and bound by the terms and conditions of JAMS, purposely disregarding and misapplying the law and repeatedly failing to correct errors, Mr. Loop seeks a finding that she does not qualify for quasi-judicial immunity. Mr. Loop's complaint calls for a thorough review by this Court, considering the continuous reputational damage, emotional harm to the minor child, and ongoing

violations of procedural due process and equal protection rights within civil proceedings throughout Washington State.

## IV. RELIEF

1. Violation of Due Process (Fifth and Fourteenth Amendments): Issuing a restraining order without due process, involving no notice or opportunity for a hearing to present a defense or question evidence, directly violates Mr. Loop's constitutional rights.
2. Equal Protection Violation (Fourteenth Amendment): Mr. Loop asserts that the defendants' actions disproportionately affected his parental rights without a just basis, treating him differently than other citizens without proper justification.

## V. PRAYER FOR RELIEF

John Loop respectfully requests the following from this Court:

1. Declaratory Relief: Declare that the actions of the defendants in issuing an unsanctioned restraining order without a proper hearing or legal basis violate the U.S. Constitution.
2. Injunctive Relief: Issue an injunction to prevent enforcement of the restraining order and require a proper legal procedure to be conducted that respects Mr. Loop's constitutional rights.
3. Compensatory Damages: For the damages sustained by Mr. Loop and his child resulting from the defendants' unconstitutional actions.
4. Punitive Damages: To prevent the defendants and others from engaging in similar unconstitutional behavior in the future, it is requested that Hon. Helen Halpert publicly disclose the continuing education she is undertaking, specifically in child development, as mandated by Washington State's Uniform Family Arbitration Act.

5. Attorney's Fees and Costs: Mr. Loop seeks compensation to cover all costs associated with this litigation, as stipulated by federal civil rights laws. This includes a refund of all fees paid to the ADR service provider, including cost for his representation and paralegal fees, due to misapplication of the law, and reimbursement of any fees that the respondent incurred in her defense of the appeal.
6. This is an apology letter from Hon. Judge Helen Halpert on behalf of JAMS and the State of Washington acknowledging the errors and violations addressed to the currently minor child or soon-to-be-emancipated adult and hoping she can reconcile with her father.
7. Any Further Relief: That this Court deems just and proper.

## IV. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

s/JOHN LOOP
John Torsten Loop
Plaintiff, Pro Se Dated: May 15, 2024