UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN TORSTEN LOOP, | CASE NO. C24-0669-KKE |
| Plaintiff(s), | ORDER GRANTING MOTIONS TO DISMISS |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendant(s). | |

Plaintiff John Torsten Loop and his wife agreed to arbitrate the dissolution of their marriage, and Defendant Helen Halpert, a retired King County Superior Court judge now employed as an arbitrator with Defendant JAMS Mediation, Arbitration and ADR Services ("JAMS"), conducted arbitration proceedings in April and May 2023.  *See* Dkt. No. 6-5, Dkt. No. 18-1.[1]  Halpert's June 2023 arbitration award included a restraining order against Loop, requiring him to avoid contact with his ex-wife and minor daughter until September 1, 2025.  *See* Dkt. No. 18-1 at 61–65.  The restraining order was approved and entered by a King County Superior Court judge, over Loop's objection.  *See* Dkt. Nos. 6-1, 6-3.

Loop, proceeding *pro se*, then filed this lawsuit against Halpert, JAMS, the State of Washington, and Washington's Attorney General Bob Ferguson in his official capacity, alleging

---

[1] Defendants' unopposed request for judicial notice of documents filed in the underlying state court action is granted. Dkt. No. 18.

ORDER GRANTING MOTIONS TO DISMISS - 1

that Loop's constitutional rights were violated as a result of the restraining order. *See* Dkt. No. 6. Defendants have moved to dismiss Loop's complaint on multiple grounds, including lack of subject matter jurisdiction and failure to state a claim. Dkt. Nos. 16, 26. Because the Court agrees with Defendants that Loop's claims fail on multiple grounds, the Court will grant Defendants' motions to dismiss Loop's complaint.

## I. BACKGROUND & ANALYSIS

Loop's operative complaint alleges that the restraining order violates his constitutional rights to due process and equal protection. Dkt. No. 6 at 5. According to Loop, Halpert exceeded her authority in including a restraining order of more than one year's duration in her arbitration award, and the King County Superior Court erred in entering it without fully considering Loop's objections and challenges. *Id*. at 10–11. Loop also alleges that Defendants' "actions disproportionately affected his parental rights without a just basis, treating him differently than other citizens without proper justification." *Id*. at 14.

Loop appealed the restraining order to the Washington State Court of Appeals (Dkt. No. 6-8), and filed this separate federal action also related to the entry of the restraining order. Dkt. No. 1. Halpert and JAMS timely filed a motion to dismiss, as did Ferguson and the State of Washington. Dkt. Nos. 16, 26. Both motions to dismiss assert that the Court lacks subject matter jurisdiction over Loop's claims under the *Rooker-Feldman* doctrine, and that Loop's claims fail for other reasons as well. *Id*. Loop opposed both motions to dismiss, characterizing his briefs as cross-motions. Dkt. Nos. 19, 29. The Court now turns to consider the merits of Defendants' motions to dismiss.

ORDER GRANTING MOTIONS TO DISMISS - 2

### A.     Legal Standards

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(1) if "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The *Rooker-Feldman* doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). The Ninth Circuit has explained how to determine whether a federal action constitutes a "de facto appeal" barred under the *Rooker-Feldman* doctrine:

> A suit brought in federal district court is a "de facto appeal" forbidden by *Rooker-Feldman* when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." In contrast, if a plaintiff "asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction."

*Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). The *Rooker-Feldman* doctrine applies even where a federal complaint challenges a state court decision based on federal constitutional grounds, and where the state court decision is interlocutory rather than final. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1142–43 (9th Cir. 2021). Where federal constitutional claims are "'inextricably intertwined'" with a state court decision because the relief requested in the federal suit "'would effectively reverse the state court decision or void its ruling[,]'" then the federal suit is barred under the *Rooker-Feldman* doctrine. *Hooper v. Brnovich*, 56 F.4th 619, 624–25 (9th Cir. 2022) (quoting *Cooper v. Ramos*, 704 F.3d 772, 778, 779 (9th Cir. 2012)).

### B.     Loop's Claims Are Barred by the *Rooker-Feldman* Doctrine.

Loop's operative complaint explicitly characterizes this action as an appeal of a state court decision. *See, e.g.*, Dkt. No. 6 at 6 ("Mr. Loop is appealing to the US District Court to review the

Washington State decision that affirmed an arbitration award issued without a proper de novo hearing."). As such, and while emphasizing that Loop is simultaneously pursuing a direct appeal of the restraining order in the Washington State Court of Appeals (*see* Dkt. No. 6-8 (Loop's opening Division One brief attached to his operative complaint)), the Defendants contend that the federal action is prohibited under the *Rooker-Feldman* doctrine. Dkt. No. 16 at 4, Dkt. No. 26 at 4–6.

Loop addresses the *Rooker-Feldman* doctrine in his opposition briefs, but his arguments only reinforce that the doctrine prohibits this action. For example, Loop concedes that this action "constitutes parallel litigation" to his direct appeal in state court. Dkt. No. 29 at 3. Loop argues that this parallel litigation is not prohibited by the *Rooker-Feldman* doctrine because the restraining order is consistent with state law, but violates the federal constitution, and therefore he invokes this Court's federal question jurisdiction. *Id.* at 3–4, Dkt. No. 19 at 1. The Ninth Circuit has rejected this contention, however. *See Benavidez*, 993 F.3d at 1142–43. Even "where the challenge to the state court decision involves federal constitutional issues[,]" federal district courts "must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1029, 1030 (9th Cir. 2001) (quoting *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

The Court is persuaded that Loop's complaint invites it to review a state court decision: one of Loop's opposition briefs explicitly frames the issues before the Court as assignments of error in the state court's decision (Dkt. No. 19 at 3–4), and the primary relief Loop seeks is an injunction preventing enforcement of the restraining order and a declaration that the restraining order is unconstitutional (Dkt. No. 6 at 14). This action constitutes a de facto appeal of a state court decision, alleging constitutional claims that are inextricably intertwined with the state court

decision. As such, this action is prohibited under the *Rooker-Feldman* doctrine and must be dismissed.

As outlined by Defendants, Loop's claims fail for other reasons as well. Ferguson and Washington State (to the extent that Loop intends to hold them liable for the actions of the King County Superior Court judge who entered the restraining order) have absolute immunity for any damages sought arising from an allegedly erroneous King County Superior Court decision. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("[A]bsolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors." (cleaned up)). Similarly, Halpert/JAMS enjoy arbitral immunity for claims arising out of any decisional act. *See Sacks v. Dietrich*, 663 F.3d 1065, 1070 (9th Cir. 2011) (explaining that arbitral immunity is available if a "claim, 'regardless of its nominal title, effectively seek[s] to challenge the decisional act of an arbitrator or arbitration panel …'" (quoting *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1159 (10th Cir. 2007))).

Because Defendants are immune from civil liability for any acts of a judicial nature or based on an arbitral decision, and the claims Loop raises are entirely based on judicial actions or arbitral decisionmaking, Loop has failed to state a valid claim against Defendants. This is another basis for dismissing Loop's complaint. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (explaining that claims may be dismissed under Federal Rule of Civil Procedure 12(b)(6) if they lack a "cognizable legal theory").

These fundamental deficiencies in Loop's complaint cannot be cured via amendment of the complaint, and therefore the complaint shall be dismissed with prejudice. *See, e.g.*, *Cooper*,

ORDER GRANTING MOTIONS TO DISMISS - 5

704 F.3d at 783 ("Dismissal of a complaint without leave to amend is proper where it is clear that the complaint could not be saved by amendment.").

## II. CONCLUSION

Because this Court lacks subject matter jurisdiction over this action, and because Plaintiff has failed to state a valid claim against Defendants, the Court GRANTS Defendants' motions to dismiss.  Dkt. Nos. 16, 26.  Plaintiff's cross-motions and motion for discovery are DENIED as moot.  Dkt. Nos. 19, 29, 32.  Plaintiff's complaint is DISMISSED with prejudice.

Dated this 8th day of August, 2024.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge